MARSHALL H. YEATMAN and JOHN YEATMAN, trading as John M. Yeatman & Son, v. HARRY WARD and CATHARINE WARD, his wife.

458

*(March 2, 1944.)*

RODNEY and SPEAKMAN, J. J., sitting.

*Benjamin N. Brown* for the plaintiff.

Superior Court for New Castle County, ▮▮▮▮▮▮▮▮ ▮▮▮ No. 22, May Term, 1943.

RODNEY, J., delivering the opinion of the Court:

In foreign attachment proceedings appearance by the defendant may, by express terms of the statute, be made at any time before the expiration of the second term after the issuance of the writ of foreign attachment. *Revised Code* 1935, *Sec.* 4634. Any judgment moved for and obtained by the plaintiff for want of an appearance, if made and obtained before the close of the second term, is a judgment nisi and does not become final until the rising of the Court at the end of the second term after the attachment. *Woolley Del. Practice, Sec.* 1295. Because the statute, *Revised Code* 1935, *Sec.* 4631, states that "Judgment shall be given for the plaintiff *at* the second term * * * unless the defendant shall have caused an appearance" to be entered, so the Courts have indicated that a motion for judgment for want of appearance could not be granted after the termination of the second Term. *Woolley Del. Practice, Sec.* 1295. The foregoing is merely explanatory and indicates no present ruling, for we are not here directly concerned with a consideration of the circumstances under which a judgment for want of appear-

ance may be had, for no motion for such judgment has been made, but the present motion is for judgment for want of a plea.

At least two reasons appear why such motion should not be granted or such judgment entered:

■ First: The statute, *Revised Code* 1935, *Sec.* 4634, expressly states that "In all cases where the defendant has appeared, like proceedings shall be had as in cases begun by summons * * *". Where no appearance has been entered the case by foreign attachment retains its own peculiar nature and, in the absence of appearance, we know of no jurisdiction the Court has over the person of the defendant to rule him to plead by any certain day, and in the absence of such jurisdiction and rule to plead he cannot be held in default of such pleading.

■ Second: Any judgment properly obtained against a defendant in foreign attachment proceedings for want of an appearance becomes merely a judgment in rem and is enforceable solely against the res attached.

■■ A plea, however, can only be filed after the Court has acquired jurisdiction over the person of the defendant and a judgment for want of a plea presupposes and is based upon such jurisdiction over the person, and when such judgment is granted for want of a plea it constitutes a personal judgment against the defendant.

■■ Because the judgment now moved for, if entered against the defendants would, in effect, be a personal judgment, and because no such judgment should be entered in a foreign attachment proceeding where no appearance has been had, so the present motion must be denied.